IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS LOCAL NO. 498 and IRON IRON WORKERS LOCAL NO. 498 PENSION FUND, | ) ) ) | |
| | ) | CASE NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) | Assigned Judge: |
| | ) ) | Magistrate Judge: |
| NORTHERN ILLINOIS FENCE, INC. an Illinois Corporation, | ) ) ) | |
| Defendant. | ) | |

## C O M P L A I N T

Plaintiffs, the IRON WORKERS' LOCAL NO.498 PENSION FUND, et al., by their attorneys, Gregory W. Hosé, Michael J. McGuire, Kristin Reepmeyer and the law firm of GREGORIO ♦ MARCO, complain of the Defendant, NORTHERN ILLINOIS FENCE, INC., and allege as follows;

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The IRON WORKERS LOCAL NO. 498 and the IRON WORKERS LOCAL NO. 498 PENSION FUND, (hereinafter referred to collectively as the "Plaintiffs") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the IRON WORKERS LOCAL UNION NO. 498, (hereinafter referred to as the "Union").

3.     The IRON WORKERS LOCAL NO. 498 PENSION FUND is a multi-employer plan as defined under 29 U.S.C. § 1002.

4.     The IRON WORKERS LOCAL 498 is an unincorporated association of iron workers headquartered at 5640 Sockness Drive, Rockford, IL.

5.     The IRON WORKERS LOCAL NO. 498 PENSION FUND is located in Rockford, Illinois and venue is proper in the Northern District of Illinois, Western Division.

6.     NORTHERN ILLINOIS FENCE, INC., (hereinafter referred to as "Defendant") is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement attached as **Exhibit A** with the Union (hereinafter referred to as the "CBA").  The CBA binds the Defendant to the terms of the Trust Agreements which created the Trust Funds.

6.     The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees.  In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

7.     The CBA and Trust Agreements also require the Defendant to submit its books and records to Plaintiffs' auditor for the purpose of determining whether or not Defendant is in compliance with its obligation to contribute to Plaintiffs.

7.     Employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, incurred in the collection

process pursuant to the CBA and the IRON WORKERS LOCAL NO. 498 PENSION FUND Trust Agreement.

8. Plaintiffs obtained an audit of Defendant which demonstrates that Defendant has breached the provisions of the CBA and Trust Agreement by failing to pay all of the contributions for the audit period of February 1, 2007 through January 31, 2010 in the amount of $35,001.00.

9. As a result of said breach, the Defendant is also liable to the IRON WORKERS LOCAL NO. 498 PENSION FUND for the following ancillary damages:

- a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either:
    - i. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or
    - ii. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

- A. That judgment be entered in favor of Plaintiffs and against NORTHERN ILLINOIS FENCE, INC. in the amount of $35,001.00;

- B. That the Defendant be ordered to pay interest on the amount that is due to the Iron Workers Local No. 498 Pension Fund pursuant to 29 U.S.C. §1132(g)(2)(B);

- C. That the Defendant be ordered to pay interest or liquidated damages on any amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C);

- D. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs;

- E. That Plaintiffs have such other and further relief as the Court deems just and equitable.

        Respectfully Submitted,

        **IRON WORKERS LOCAL NO. 498, et al.**

        BY:    /s/ Gregory W. Hosé
                   One of its attorneys

Gregory W. Hosé
ARDC#: 6291642
Michael J. McGuire
Kristen Reepmeyer
Gregorio ♦ Marco
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343